Olivia R. v Morris (2020 NY Slip Op 06035)





Olivia R. v Morris


2020 NY Slip Op 06035


Decided on October 22, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 22, 2020

Before: Renwick, J.P., Manzanet-Daniels, Gesmer, Oing, JJ. 


Index No. 805116/14 Appeal No. 12173-12173A Case No. 2019-2400 

[*1]Olivia R., an Infant, by her Mother and Natural Guardian, Victoria R., Plaintiff-Appellant,
v
Marilyn Morris, M.D., et al., Defendants-Respondents.


Victoria R., appellant pro se.
Aaronson Rappaport Feinstein & Deutsch, LLP. New York (Steven C. Mandell of counsel), for respondents.



Judgment, Supreme Court, New York County (Judith N. McMahon, J.), entered on or about February 13, 2019, dismissing the complaint, and bringing up for review an order, same court and Justice, entered on or about December 6, 2018, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs. Appeal from order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Defendants made a prima facie showing of entitlement to summary judgment through their experts' affirmations, which established that defendants did not depart from good and accepted standards of medical practice relating to infant plaintiff's care while on a ventilator, plaintiff did not suffer any brain injury caused by oxygen deprivation, and the cause of plaintiff's alleged injuries was congenital (see Roques v Noble, 73 AD3d 204, 206 [1st Dept 2010]).
In opposition, plaintiff failed to raise a triable issue of fact. Plaintiff's expert failed to address plaintiff's care while on a ventilator or the cause of plaintiff's alleged injuries, and she did not otherwise rebut or undermine the opinions of defendants' experts (see Alvarez v Prospect Hosp., 68 NY2d 320, 325 [1986]). To the extent that plaintiff's expert noted changes between the MRIs of plaintiff's brain taken in 2003 and 2004, defendants sufficiently addressed those changes through a reply expert affirmation. Furthermore, plaintiff's argument that if defendants had properly diagnosed her with secondary pulmonary hypertension caused by adenoids instead of primary hypertension, she would not have had to undergo various procedures and her central line access might not be permanently exhausted, is unavailing because plaintiff did not pursue that theory of liability in Supreme Court.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 22, 2020